```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

CHARLES STANDISH,

        Plaintiff,

   -vs-

FEDERAL EXPRESS CORPORATION LONG
TERM DISABILITY PLAN and AETNA LIFE
INSURANCE COMPANY,

        Defendants.

**DECISION and ORDER**
**No. 6:15-cv-6226(MAT)**

_____

## INTRODUCTION

Represented by counsel, Charles Standish ("Standish" or "Plaintiff"), a former employee of Federal Express Corporation ("FedEx") instituted this action against Federal Express Corporation Long Term Disability Plan ("LTD Plan" or "the Plan") and Aetna Life Insurance Company ("Aetna") (collectively, "Defendants"), pursuant to § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), challenging the denial of his claim for long term disability ("LTD") benefits. In a Decision and Order entered November 17, 2016, the Court denied Defendants' Motion for Summary Judgment, and granted Plaintiff's Motion for Summary Judgment only to the extent that the denial of LTD benefits was reversed, and the matter is remanded to Aetna for further administrative proceedings consistent with the Court's instructions in its Decision and Order.

**DISCUSSION**

ERISA provides for an award of attorneys' fees. See 29 U.S.C. § 1132(g)(1) ("In any action under this subchapter . . . , the court in its discretion may allow a reasonable attorney's fee and costs . . . to either party."). The Supreme Court has emphasized that a district court's discretion to award attorneys' fees under ERISA "is not unlimited," inasmuch as it may only award attorneys' fees to a beneficiary who has obtained "some degree of success on the merits." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 254-55 (2010). "After Hardt, whether a plaintiff has obtained some degree of success on the merits is the sole factor that a court must consider in exercising its discretion." Donachie v. Liberty Life Assur. Co. of Boston, 745 F.3d 41, 46 (2d Cir. 2014) (citing Hardt, 560 U.S. at 255 (stating that the traditional five-factor test is "not required for channeling a court's discretion when awarding fees under [29 U.S.C. § 1132(g)(1)]")).

The parties dispute whether Plaintiff obtained "some degree of success on the merits" so as to meet the statutory threshold for an award of attorney's fees. In its Decision and Order, the Court noted that violations of ERISA and its implementing regulations have been held to constitute a significant error on a question of law, which may sufficiently taint the fiduciary's denial of benefits so as to warrant a finding that decision was arbitrary and capricious. The Court found that Aetna's May 22, 2014, denial

letter was procedurally defective and showed that Aetna's decision-making was materially deficient due to its notice violation. The Court declined to remand for payment of benefits, as requested by Plaintiff, because the remedy for the type of fiduciary failures that occurred in this case is not automatic entry of judgment in favor of the insured but an opportunity for the insured to fully and fairly present his claim to the insurer, here, Aetna. The Court observed that

> [w]hile the present record contains a fair amount of evidence in Plaintiff's favor, it is not uncontroverted. Absent the Court's finding of procedural violations, the opinions by Aetna's peer-review physicians (excepting Dr. Swersie) likely would represent evidence sufficient to uphold the determination on arbitrary and capricious review. The various medical opinions also present disputed genuine issues of material fact. Therefore, the Court will not enter judgment in Plaintiff's favor.

Instead, the Court reversed the decision denying LTD benefits and remanded the case to Aetna, the Claims Paying Administrator, for reconsideration.

In Hardt, the Supreme Court expressly declined to decide "whether, a remand order, without more, constitutes 'some success on the merits.'" Id. The Second Circuit has not conclusively answered this question, either. A number of district courts in this Circuit concluded that an ERISA plaintiff was entitled to attorney's fees without making reference to any positive opinion offered regarding the merits of the underlying claim. E.g., Wallace v. Group Long Term Disability Plan For Employees of TDAmertrade

Holding Corp., No. 13 CIV. 6759 LGS, 2015 WL 4750763, at *6 (S.D.N.Y. Aug. 11, 2015) (citing, inter alia, Gross v. Sun Life Assur. Co. of Canada, 763 F.3d 73, 77 (1st Cir. 2014)); accord, e.g., Valentine v. Aetna Life Ins. Co., No. 14CV1752JFBGRB, 2016 WL 4544036, at *4 (E.D.N.Y. Aug. 31, 2016) (The district court "agree[d] that 'remand simpliciter' is sufficient to constitute 'some success on the merits' under Hardt and that an endorsement from the [c]ourt on the merits of the claim is unnecessary. Accordingly, here, even though the [c]ourt did not 'opine positively' on the merits of her claim to the degree that the district court did in Hardt, plaintiff nevertheless achieved some success on the merits by convincing the [c]ourt to remand her claim, and is therefore entitled to attorney's fees."). The Court agrees with the rationale of these courts and finds that Plaintiff here achieved some degree of success by obtaining a remand order, which "inherent[ly]" entails "two positive outcomes . . . (1) a finding that the administrative assessment of the claim was in some way deficient, and (2) the plaintiff's renewed opportunity to obtain benefits or compensation." Gross, 763 F.3d at 78.

Turning to the amount of attorney's fees that should be awarded, "[b]oth [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" Millea v. Metro-N. R. Co., 658

F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); citing Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010)). An attorney seeking fees bears the burden submitting contemporaneous time records that describe with specificity the nature of the work done, the hours expended, and the dates on which the work was performed. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983). If a court finds that claimed hours are "excessive, redundant, or otherwise unnecessary," it should exclude those hours in calculating a fee award. Hensley, 461 U.S. at 434.

Plaintiff's attorney has requested $350.00 per hour; Defendants contend this amount should be reduced by at least $50. Plaintiff requests $200 per hour for an associate and $115 per hour for a paralegal. After reviewing Plaintiff's evidentiary submissions and the caselaw, the Court finds that an appropriate hourly rate is $300 for the lead attorney, $175 for the associate, and $90 for the paralegal.

With regard to the number of hours, Plaintiff's attorney requests 141.4 hours for his work performed on the case to date, including preparation of the instant motion for fees; 6.5 hours of associate time at $200 per hour; and 41.7 hours of paralegal time at $115 per hour.  The Court has excluded the hours spent by Plaintiff's attorney on ministerial tasks such as reviewing docket

entries of scheduling orders and transfer orders (0.8 hour). Out of the 140.6 hours that remains after subtracting the 0.8 hour, Plaintiff's attorney billed 116.2 hours for the summary judgment motion alone. The associate billed 6.5 hours for "revisions, editing and proofreading" of the summary judgment motion and related pleadings. And, the paralegal billed 40.5 hours for "typing, editing, proof reading and cite checking" the summary judgment motion and related pleadings. This results in a total of 163.2 hours billed for the summary judgment motion. The Court finds that this is excessive in light of what other district courts have found reasonable for litigating a case through summary judgment. See, e.g., Laser Lite Elec. Inc. v. United Welfare Fund-Welfare & Sec. Divisions, No. 12-CV-3347 PKC, 2015 WL 459412, at *3 (E.D.N.Y. Feb. 3, 2015) ("The Court reviewed the Union's submissions and finds that the time expended here, 80.60 hours, is reasonable for a case that proceeded to summary judgment. See Trustees of Local 531 Pension Fund v. Flexwrap Corp., 818 F. Supp.2d 585, 591 (E.D.N.Y. 2011) (plaintiffs requested reimbursement for 82 hours of work total to litigate an ERISA case through summary judgment, billed at a rate of $250 an hour for partners and associates, and $125 per hour for paralegals). [Attorney] Rocco's billing records provide adequately detailed explanations of the tasks he performed, and the time spent on each task. The billing records disclose no unnecessary duplication of effort, and the time spent on the tasks

described do not appear to be excessive."). In addition, the billing records submitted here regarding the summary judgment motion reveal a fair amount of duplication of effort; the activities of proofreading, editing and/or revising documents were billed by each individual. The paralegal's time spent on the summary judgment motion–40.5 hours—is not only excessive, but is block-billed such that her time lumps together secretarial tasks (typing), which are compensable at a significantly lower rate, with paralegal work (editing and cite checking). The Court will allow 85 hours for the lead attorney's time spent on the summary judgment motion, will exclude the time spent by the associate and the paralegal on the summary judgment motion as duplicative. Adding that to the compensable hours billed by the lead attorney (24.4 hours) results in 109.4 hours for the lead attorney. The associate spent no time on any other tasks apart from the summary judgment motion, although paralegal did. The paralegal's time spent filing documents (0.5 hour) will be subtracted, as this represents clerical services which are "generally not charged to clients." E.g., LV v. N.Y. City Dep't of Educ., 700 F. Supp. 2d 510, 523 (S.D.N.Y. 2010) ("[T]asks like serving, filing, and docketing papers . . . are 'normally subsumed into an attorney's overhead expenses' and 'not generally considered recoverable.'") (quoting Bridges v. Eastman Kodak Co., No. 91-7985, 1996 WL 47304, at *7 (S.D.N.Y. Feb. 6, 1996); citing Marisol A. ex rel. Forbes v.

Giuliani, 111 F. Supp.2d 381, 390-91 (S.D.N.Y. 2000) ("[T]ime spent serving and filing papers . . . is not usually considered recoverable.")). The Court will allow the remaining, non-motion-related time billed by the paralegal (0.7 hour).

With regard to the time spent on the fee motion, courts in this Circuit have recognized a prevailing party's attorney's right to bill for time spent applying for fees and costs. E.g., Murray ex rel. Murray v. Mills, 354 F. Supp.2d 231, 241 (E.D.N.Y. 2005) (citing Fink v. City of N.Y., 154 F. Supp.2d 403, 412 (E.D.N.Y. 2001)). Cases in this district have found that a reasonable amount of hours to award for compiling a motion for attorneys fees in a routine case to be 5 to 15 hours. E.g., White v. White Rose Food, 86 F. Supp.2d 77 (E.D.N.Y. 2000); Savino v. Computer Credit, Inc., 71 F. Supp.2d 173 (E.D.N.Y.1999) (reducing the number of compensable hours from the claimed amount of forty to a total of five). Here, Plaintiff's attorney has claimed 4.4 hours for preparing the motion for fees, which the Court finds is reasonable. See id.

To summarize the total fee award, the Court is allowing recovery of 113.8 (109.4 plus 4.4) hours by the lead attorney at $300 per hour ($34,140), and 0.7 hour by the paralegal at $90 per hour ($63), for a total fee award of $34,203.

Reasonable out-of-pocket expenses ordinarily charged to clients are recoverable as part of an attorney's fee award.

LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (citations omitted). "Court filing fees are recoverable litigation costs." Labarbera v. ASTC Labs. Inc., 752 F. Supp. 2d 263, 279 (E.D.N.Y. 2010) (citing New Leadership Comm. v. Davidson, 23 F. Supp.2d 301, 305 (E.D.N.Y. 1998) (awarding filing fee)). Plaintiff's request for reimbursement of $400 in costs, which represents the filing fee in this Court, will be granted.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Attorney's Fees and Costs is granted in part and denied in part. Defendants are hereby ordered to reimburse Plaintiff in the amount of $34,603, which represents $34,203 in attorney's fees and $400 in costs.

**SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

DATED:   March 6, 2017
         Rochester, New York